UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, <br><br> Defendant. | CASE NO.   1:11-CV-02096-MJS (PC) <br><br> ORDER DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM <br><br> (ECF NO. 1) <br><br> CLERK TO CLOSE FILE <br><br> DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Victoria Christopher, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on December 20, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 5.)  Plaintiff's Complaint is now before the Court for screening.

-1-

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. **SUMMARY OF COMPLAINT**

Plaintiff alleges generally that the prison appeals system is corrupt, that staff is rarely held accountable for their actions, and that the appeal system acts negligently. (Compl. at 3.)

Plaintiff names as Defendant the California Department of Corrections and Rehabilitation. (Id. at 2.)

Plaintiff seeks monetary compensation. (Id. at 3.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. Eleventh Amendment Immunity

Plaintiff alleges that Defendant California Department of Corrections and Rehabilitation ("CDCR") violated her constitutional rights.

However, the Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996). Defendant California Department of Corrections and Rehabilitation is a state agency and entitled to Eleventh Amendment immunity from suit.

1 Plaintiff cannot recover damages from the California Department of Corrections and
2 Rehabilitation.

### C.     Exhaustion of Administrative Remedies

Plaintiff fails to allege she has exhausted her administrative remedies through the prison appeal process. (Compl. at 2.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

In this instance Plaintiff has failed to allege facts supporting exhaustion at each level of appeal.

### D.     Inmate Appeal

Plaintiff alleges generally that the prison appeal process is corrupt and acts negligently. Plaintiff provides no facts which would support such conclusions.

Prison staff actions in responding to inmate appeals alone cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10

(N.D.Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 claim. Buckley, 997 F.2d at 495.

Since she has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff fails to state a claim in this regard.

There being no foreseeable basis upon which Plaintiff could correct the defects in her claim that acts and omissions in the inmate appeal process alone give rise to a claim for relief under § 1983 for violation of due process, leave to amend would be wholly futile.[1] Her claim will be dismissed, albeit without prejudice, because she may be able to assert a related claim in another appropriate forum.

## V.  CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any § 1983 claim upon which relief may be granted against Defendant. Leave to amend would be futile for the reasons set out above and will not be granted. Plaintiff's claim should be dismissed without prejudice.

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied where the court determines that "the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This action shall be dismissed without prejudice for failure to state a claim,

2. Dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and

3. The Clerk shall close the file in this case.

IT IS SO ORDERED.

Dated:   May 4, 2012                           /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE